UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:17-cr-044 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| ROBERT WILLIAM SIMET, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant,

ROBERT WILLIAM SIMET, and Defendant's attorney, enter into this Plea Agreement.

## A.    CHARGES

1.    <u>Subject Offense</u>.   Defendant will plead guilty to Count 1 of the Indictment, that is,

Influencing or Retaliating against a Federal Official, in violation of Title 18, United States Code,

Section 115(a)(1)(B).

2.    <u>Charges Being Dismissed</u>.   There are no charges to be dismissed.

3.    <u>No Further Prosecution</u>.   The Government agrees that Defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.   This paragraph and this Plea Agreement do not apply to (1)

any criminal act occurring after the date of this agreement, or (2) any crime of violence.

## B.    MAXIMUM PENALTIES

4.    <u>Maximum Punishment</u>.   Defendant understands that the crime to which Defendant

is pleading guilty carries a maximum sentence of up to 6 years in prison; a maximum fine of

$250,000; and a term of supervised release of up to three years.   A mandatory special assessment

of $100 per count also must be imposed by the sentencing court.

5.      Supervised Release--Explained.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   In addition to the standard conditions, the Defendant specifically agrees to provide the United States Probation Office with proof of his obtaining any medication prescribed by a licensed physician on a monthly basis and agrees to sign any releases necessary for the United States Probation Office to obtain medical information from any treating physician regarding the Defendant's proper use of any prescribed medication.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to two (2) years in prison, without any credit for time previously served.

6.      Conditions of Supervised Release.   As part of this agreement, the Defendant agrees to sign releases allowing the United States Probation Office to have full contact and communication with the Defendant's treating physicians, including but not limited to, any psychiatrist, psychologist, or mental health professional providing services to the Defendant.   In addition, the Defendant agrees to allow the United States Probation Office monitor his taking of any prescribed medication, by any means deemed appropriate by the United States Probation Office.   The government agrees to not seek home confinement or electronic monitoring of the Defendant unless the Defendant violates the terms and conditions of his pre-trial or Supervised Release orders.   The Defendant understands that any contact with the victim would be a violation of this agreement, and his Supervised Release conditions.

7.      Detention.   Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm himself or any other person, the Government agrees to recommend that Defendant remain on pretrial release pending imposition of sentence.

2

## C.   NATURE OF THE OFFENSE -- FACTUAL BASIS

8.   Elements Understood.  Defendant understands that to prove the offense alleged under Count 1, the Government would be required to prove beyond a reasonable doubt the following elements:

   (a)   The defendant threaten to assault, kidnap, or murder a United States Official; and,

   (b)   With the intent to retaliate against such official ... on account of the performance of official duties.

9.   Elements Admitted.  As a factual basis for Defendant's plea of guilty, Defendant admits the following:

   (a)   On July 5, 2017, the Defendant was at the Loess Hills, Harley Davidson Dealership in Pacific Junction, Iowa.  On the walls of the dealership were posters that announced that United States Senator Joni Ernst would be at the dealership on Saturday, July 8, 2017, to participate in a motorcycle ride.

   (b)   While at the dealership, the Defendant told employees of the dealership that he was aware that Senator Ernst was coming to the dealership on July 8th, 2017, and that he should not come to the dealership that day as he, the Defendant, would be arrested.  The Defendant told a second employee that if he was at the dealership on July 8, 2017, when Senator Ernst was present, "they would probably have to kill him."  To a third employee, the Defendant stated, while looking at a poster announcing Senator Ernest's visit to the dealership, "I could kill her, they would get me, it wouldn't matter, I would win either way."  Each employee who the Defendant spoke to felt his demeanor was threatening toward Senator Ernst.

   (c)   That the statements made by the defendant at the time, were made in such a manner that a reasonable person hearing the same would understand the statements as a serious expression of an intent to inflict an injury on Senator Ernst.

   (d)   That the reason the Defendant made the statements was because of her position as a United States Senator.

10.   Truthfulness of Factual Basis.  Defendant acknowledges that the above statements are true.  Defendant understands that, during the change of plea hearing, the judge and the

prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney.   Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

11.     Venue.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.     SENTENCING**

12.     Sentencing Guidelines.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)     The nature of the offense to which Defendant is pleading guilty;

(b)     The Defendant's criminal history (prior convictions); and,

(c)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

13.     Acceptance of Responsibility.  The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.  The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office,

4

attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

14.   _Presentence Report_.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15.   _Evidence at Sentencing_.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.   _Joint Sentencing Recommendation_.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.   The parties agree to recommend a sentence of time served followed by three years of Supervised Release for the Defendant in the instant case.   The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of the Defendant, and other pertinent factors.   Should the Court decline to impose this recommended sentence, Defendant may

withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court

declines to impose the recommended sentence, the Government also may withdraw from this Plea

Agreement and the case will be set for trial.   In the event that the relevant advisory guidelines are

amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek

a sentencing reduction in exchange for this Rule 11(c)(1)(C) plea agreement.

**E.      FINES, COSTS, AND RESTITUTION**

18.      Fines and Costs.   Issues relating to fines and/or costs of incarceration are not dealt

with in this agreement, and the parties are free to espouse their respective positions at sentencing.

18.      Special Assessment.   Defendant agrees to pay the mandatory special assessment

of $100 per count of conviction at or before the time of sentencing, as required by 18 U.S.C. §

3013.

**F.      LIMITED SCOPE OF AGREEMENT**

19.      Limited Scope of Agreement.   This Plea Agreement does not limit, in any way, the

right or ability of the Government to investigate or prosecute Defendant for crimes occurring

outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude

the Government from pursuing any civil or administrative matters against Defendant, including,

but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts

upon which this investigation is based.

20.      Agreement Limited to Southern District of Iowa.   This Plea Agreement is limited

to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other

federal, state or local prosecuting, administrative, or regulatory authorities.

6

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

21.    <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

(a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)    Confront and cross-examine adverse witnesses;

(e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and,

(g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

22.    <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge or to the court's entry of judgment against Defendant.   If the court imposes the sentence recommended by the parties, Defendant and the Government also waive any and all rights to appeal Defendant's sentence.   Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any

proceedings under 28 U.S.C. § 2255.  These waivers are full and complete, except that they do

not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective

assistance of counsel or prosecutorial misconduct.

H.     **VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

23.     <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead

guilty is Defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)     No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)     Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

24.     <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with

Defendant's attorney and states that the following is true:

(a)     Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)     Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)     Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.  Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.   GENERAL PROVISIONS

25.   <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

26.   <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

27.   <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

28.   <u>Consent to Proceedings by Video-Conferencing</u>.   Defendant consents to any proceedings in this case, including plea proceedings, sentencing proceedings, or any other proceedings, being conducted by video-conferencing technology in use within the Southern District of Iowa if approved by the Court.

## J.   SIGNATURES

29.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I

am pleading guilty.   I know that I may ask my attorney and the judge any questions about this

Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

1-9-18
Date

*Robert William Simet*

ROBERT WILLIAM SIMET

30.     Defendant's Attorney.   I have read this Plea Agreement and have discussed it in

its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this

writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of

entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full

knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full

access to the Government's discovery materials, and I believe there is a factual basis for the plea.

I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant

to the Plea Agreement.

1-9-2018
Date

Michael Smart
Assistant Federal Public Defender
8 South 6th Street, Suite 255
Council Bluffs, IA 51501
Tel: (712) 352-0552
E-mail: mike_smart@fd.org

31.     United States.   The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

1-9-2018
Date

By:

Richard E. Rothrock
Assistant U.S. Attorney
P.O. Box 1887

10

Council Bluffs, Iowa 51502-1887
Tel: 712-256-5009
Email: richard.rothrock@usdoj.gov